No. 20,910.

H. BINGER, *Appellee*, v. J. M. READ, doing business as THE TOPEKA PLANING MILL COMPANY, *Appellant*.

### OPINION DENYING A HEARING.

#### SYLLABUS BY THE COURT.

WORKMEN'S COMPENSATION ACT—*"Reasonable and Proper" Guard to Machinery—Question of Fact.* Under section 5889, and under subdivision (*b*) of section 5896 of the General Statutes of 1915, the triers of fact must determine, as a question of fact, whether or not a guard provided in obedience to section 5889, or voluntarily furnished under section 5896, is safe, reasonable, and proper.

Appeal from Shawnee district court, division No. 2: GEORGE H. WHITCOMB, judge. Opinion denying a rehearing filed July 7, 1917. (Original opinion of affirmance filed June 9, 1917, but not reported.)

*Adrian F. Sherman, Edwin A. Austin,* both of Topeka, and *Thad B. Landon,* of Kansas City, Mo., for the appellant.

*Edwin D. McKeever,* of Topeka, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: An opinion was handed down in this case on June 9, but it was not reported for the reason that an ap-

plication for a rehearing discloses that there was omitted from the opinion a proposition which should have been discussed.

The plaintiff recovered judgment for $1289.25, under the workmen's compensation act, and the defendant appeals.

While in the defendant's employ in a planing mill, the plaintiff had the thumb of his right hand cut off by a jointer. The defendant had provided a guard to be placed over the knives of the jointer when in operation, and had posted on the door of the box in which was located the switch that turned on the electricity that operated the machine, a notice in substance as follows: "There is a guard for this machine and it must be kept on."

The guard was not on the machine at the time the plaintiff was injured, although it was in a convenient place and could have been easily attached.

The commissioner of labor of the state had ordered that a guard be placed on this machine. This guard was placed there in obedience to that order. The guard had been seen by inspectors from the office of the commissioner of labor and had not been objected to by them. At times when the premises were being inspected the guard was not in use. The inspectors had then directed that the guard be kept on the machine. Part of the time the machine was operated with the guard and part of the time without it.

The court instructed the jury as follows:

"The court instructs you, however, that under the facts of this case the failure of the plaintiff to use the guard provided by the defendant, was, as a matter of law, 'willful,' and you will consider that fact as established in your deliberations.

"You will observe, however, that before the plaintiff can be precluded from recovering under the terms of section 1 of the act referred to, it must be proved that the injury to him resulted from the failure to use the guard, and further, that the guard or protection must be one required pursuant to the statute and provided for him, or must be a reasonable and proper guard and protection voluntarily furnished by the employer. Therefore, before you can find for the defendant under the last preceding instruction you must find that plaintiff's injury resulted from the failure to use a guard or protection required pursuant to some statute and provided for him, or from the failure to use a reasonable and proper guard and protection voluntarily furnished by the defendant. Whether the guard furnished was such as required, under the terms of a statute which will be stated to you, or whether the same was a reasonably proper guard and protection voluntarily furnished by defendant, are questions for your determination. If the guard in ques-

tion was such a guard or protection as required by the statute, or if it was a reasonable and proper guard voluntarily furnished by defendant, that was sufficient, and if the injury resulted from failure to use such guard plaintiff can not recover.

"As to what is a guard or protection required pursuant to statute, I instruct you that the law known as the factory act requires that every person owning or operating a manufacturing establishment in which machinery is used, is required, where practicable, to properly and safely guard such machinery for the purpose of preventing and avoiding the death of or injury to persons employed or laboring in such establishment, and it is made the duty of all persons owning or operating such establishments to provide and keep the same furnished with such safeguards."

One of several special questions answered by the jury was as follows:

"Question 1. Did defendant furnish a guard or protection against accident to be attached to the jointer at which the plaintiff was working when injured, which when in place on the machine set in against the board being planed with a spring and covered the knife of the machine so that the plaintiff's hand or fingers pushing the board over the knife could not touch the knife, and receive an injury without pushing the guard away? Answer. Yes, but under the circumstances we consider the guard as inadequate."

The question for our determination is: Was it within the province of the jury to pass on the sufficiency of the guard? Section 5889 of the General Statutes of 1915 reads: .

"Every person owning, or operating any manufacturing establishment in which machinery is used shall furnish and supply for use therein belt-shifters, or other safe mechanical contrivance for the purpose of throwing on or off belts or pulleys; and wherever it is practicable, machinery shall be operated with loose pulleys. All vats, pans, saws, planers, cog gearing, belting, shafting, setscrews, and machinery of every description used in a manufacturing establishment shall, where practicable, be properly and safely guarded, for the purpose of preventing or avoiding the death of or injury to the persons employed or laboring in any such establishment; and it is hereby made the duty of all persons owning or operating manufacturing establishments to provide and keep the same furnished with safeguards as herein specified."

Section 5896 of the General Statutes of 1915, in part reads:

"(b) If it is proved that the injury to the workman results from his deliberate intention to cause such injury, or from his willful failure to use a guard or protection against accident required pursuant to any statute and provided for him, or a reasonable and proper guard and protection voluntarily furnished him by said employer, or solely from

20—101 Kan.

his deliberate breach of statutory regulations affecting safety of life or limb, or from his intoxication, any compensation in respect to that injury shall be disallowed."

How was it to be determined that the jointer was properly and safely guarded, as required by section 5889, or that the guard was reasonable and proper, as descrbed in section 5896? There was only one way and that was to show by evidence, the machine, its operation and its dangers, and the guard, with its operation, and from that evidence determine the matter as a question of fact and not one of law. In this action the issues were submitted to a jury. It was therefore for the jury to determine that question under instructions given by the court.

The defendant argues that the adequacy or inadequacy of the guard is not the question at issue; that the question is: Did the willful failure of the plaintiff to use the guard provided produce his injury? The defendant's argument would be good if the guard provided had been safe, reasonable and proper. A failure to use a guard that is not safe, reasonable or proper does not come within the provisions of the statute. The court properly instructed the jury concerning the willful failure of the plaintiff to use the guard, and after that instruction had been given, there yet remained the question of the adequacy or inadequacy of the guard. There was no way to avoid submitting that question to the jury. It was submitted, and the jury found, in substance, that the guard was not safe, reasonable and proper.

What has been said disposes of the defendant's contentions, the first of which is that the court erred in overruling the demurrer to the plaintiff's evidence; the second, that the court erred in overruling the defendant's motion for judgment on the special findings of fact; and the third, that the court erred in overruling the defendant's motion for a new trial.

The application for a rehearing is denied, and the judgment is affirmed.